UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARIO SUAREZ SOTO,

Plaintiff,

v.

PAMELA BONDI,

Defendant.

Case No.  3:26-cv-01700-JSC

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

Plaintiff Dario Suarez Soto filed this Administrative Procedure Act action and an *Ex Parte* Motion for Temporary Restraining Order (TRO) against United States Attorney General Pamela Bondi on February 26, 2026. (Dkt. Nos. 1, 2.[1])  Plaintiff ask this Court to: (1) issue an immediate TRO postponing the effective date of the challenged PM25-02 Rescission of the Non-LPR (non-lawful permanent resident) cancellation of removal expedite policy for 14 days as to Plaintiff only, and (2) issue an order to show cause why a preliminary injunction should not issue to similarly enjoin Defendant. (Dkt. No. 2.) For the following reasons, the TRO is **GRANTED** as modified below.

**BACKGROUND**

Plaintiff, who is originally from Mexico, has resided in the United States for over 30 years. (Dkt. No. 1 a ¶ 20.)  He has two United States citizen children, the youngest of which turn 21 on March 2, 2026.  (*Id.* at ¶¶ 20-21.)  Petitioner's minor child experiences significant mental health challenges, including Major Depressive Disorder, recurrent and moderate with anxious distress, and Post-Traumatic Stress Disorder (dissociative type). (*Id.* at ¶ 21; Dkt. No. 1 at 62.)  Her treating

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

physicians emphasize that she is emotionally fragile, highly dependent on her father's presence for emotional regulation, and at risk of severe deterioration, including the recurrence of past suicidal thoughts, should her father be removed.  (Dkt. No. 2 at ¶ 2; Dkt. No. 1 at 73-74.)

Plaintiff is presently in removal proceedings before the San Francisco Immigration Court. Plaintiff applied for non-LPR cancellation of removal, and his merits hearing occurred on January 25, 2023.  At the hearing, the immigration judge indicated she intended to grant Plaintiff's application, but she was unable to do so immediately due to the statutory cap on the number of cancellation applications that could be granted at that time.  (Dkt. No. 1, Ex. 8, Espinzoa Decl. at ¶ 5 (ECF Page 77).)  The immigration judge instructed Plaintiff's counsel "to notify the Court six months prior to N-S-A-'s twenty-first birthday so that the decision could be advanced. The Court then issued an order designating the case as "on 42b reserved decision." (*Id.*)  On January 28, 2026, Plaintiff filed further evidence in support of his motion to advance the grant of his application, which the Department of Homeland Security did not oppose. (*Id*. at ¶ 9.)  On February 23, 2026, the newly-assigned immigration judge denied the motion.  (*Id.*)

Plaintiff alleges the policy that enabled his motion (the "Expedite Age-Out Policy") was rescinded by an Executive Office of Immigration Review (EOIR) Director's Memorandum, PM 25-02, dated January 27, 2025. (Dkt. No. 1 at ¶ 9.) *See Wilkinson v. Garland*, 601 U.S. 209, 212–13 (2024) (describing the policy). Plaintiff also alleges the rescission was not accompanied by an opportunity for notice and comment and no findings regarding reliance interests were made. (Dkt. No. 1 ¶¶ 10, 28.)

### LEGAL STANDARD

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser

2

showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber,* 767 F.3d 936, 942 (9th Cir. 2014) (cleaned up) (emphasis in original). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

**DISCUSSION**

As a preliminary matter, the Court finds the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Plaintiff's counsel has set out specific facts in a declaration showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). (Dkt. No. 2-2.) Additionally, counsel states that she attempted to contact the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on February 26, 2026 and provided a copy of Plaintiff's complaint and motion for a TRO by email that same day. (Dkt. No. 2-2 a ¶¶ 1-2; *see also* Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff has demonstrated, at a minimum, serious legal questions on the merits of his claim that the rescission violates the Administrative Procedure Act. *See Garro Pinchi v. Noem*, No. 25-CV-05632-PCP, 2025 WL 3691938, at *21 (N.D. Cal. Dec. 19, 2025) (rejecting argument an APA challenge requires evidence "that an agency action be formally promulgated" or "memorialized in writing"). The rescission in question was made without notice or comment and without "considering the acute reliance interests and consequences for the administration of justice, the vulnerable population affected, or the ongoing representations that will be disrupted." *Am. Gateways v. U.S. Dep't of Just.*, 2025 WL 2029764, at *1 (D.D.C. July 21, 2025).

Plaintiff has a substantial interest in pursuing permanent residency and a likelihood of irreparable injury in the absence of temporary relief. His child will turn 21 on March 2, 2026, at which point he is no longer eligible for this form of relief and his application for cancellation of removal necessarily would be denied. The irreversible loss of Plaintiff's opportunity to obtain lawful permanent resident status following more than three decades residing in this country constitutes a severe harm, particularly when this may result in separation from his U.S. citizen child who suffers from significant medical issues. *See Sainz Reyes et al v. Bondi*, No. 26-cv-00664-YGR, Dkt. No. 7, Order Granting TRO, (N.D. Cal. Jan. 22, 2026).

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "There is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). "To the contrary, there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Id.* (quotation marks omitted) (quoting *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994)). At most, the government faces a short delay in applying the rescission of the policy against Plaintiff. Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [plaintiff's] favor." *Hernandez v.* Sessions, 872 F.3d 976, 996 (9th Cir. 2017) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

A TRO postponing the effective date of the rescission as applied to Plaintiff is appropriate to return him to the status quo. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)).

Because Plaintiff satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below.

## CONCLUSION

For the reasons stated above, the TRO Motion is **GRANTED** and the PM25-02 Rescission is enjoined as to Plaintiff. Defendant is **ORDERED TO SHOW CAUSE** why a preliminary

injunction should not issue. Plaintiff shall immediately serve Defendant with a copy of this Order. Defendant shall file a response to Plaintiff's motion no later than **March 6, 2026**. Any reply shall be filed by 4:00 p.m. on **March 10, 2026**. A hearing shall be heard at 11:00 a.m. by Zoom on **March 12, 2026.  The TRO remains in effect until 5:00 p.m. on March 13, 2026.**

The parties may stipulate to an extended briefing schedule, provided the government agrees the TRO order may remain in effect through disposition of the preliminary injunction motion.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5